645 P.2d 371

STATE of Idaho, Plaintiff-Respondent,

v.

Raymond D. WELLS,
Defendant-Appellant.

No. 13534.

Court of Appeals of Idaho.

May 13, 1982.

Ismael Chavez, Caldwell, for defendant-appellant.

David H. Leroy, Atty. Gen., Lance D. Churchill, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SWANSTROM, Judge.

A jury convicted Raymond Wells of grand larceny, burglary, and felony escape. Two issues are raised in his appeal from the judgment of conviction. First, did the state's failure to attempt to recover possible exculpatory evidence from the scene of the burglary deny appellant a fair trial? Second, did an alleged omission in a psychiatric report deprive appellant of a fair trial? We affirm the judgment of conviction.

## I.

Sometime during the evening or night of July 23, 1979, a rural home, located about five miles from Weiser, Idaho, was burglarized. The burglar apparently entered the home through a bedroom window. The window screen had been removed and placed on the ground outside the house. The window was open when the police arrived. Muddy tracks were found inside the house, directly beneath the window and in areas from which items were taken.

Appellant was arrested on an unrelated charge in Weiser, Idaho, near midnight on July 23, when the vehicle he was driving crashed while being pursued by police officers. Appellant first refused to identify himself, and later he falsely gave his name as Richard David White. Items taken from the burglarized house were found in the vehicle, which also had been stolen from the residence. A checkbook, missing from the burglarized home, was found in appellant's back pocket. A state's witness placed appellant within a quarter of a mile of the home on the evening of the burglary. Appellant was then afoot.

At trial appellant testified to having "partaked of a couple of joints" and to drinking some beer at Weiser on the evening in question. He claimed he was in Weiser and saw someone come along in a vehicle, stop and hastily exit it, leaving the motor running. Appellant said he went to the vehicle, noticed a gun on the seat, and decided to drive the vehicle to the police station. He admitted to being drunk and confused. He testified that he asked a passerby the way to the police station and was driving there when the police pursuit caused him to wreck.

Appellant argues he was denied his due process right to a fair trial by the state's failure to obtain evidence of fingerprints and recognizable footprints at the scene of the burglary. He asserts that had the investigating officers taken and preserved such evidence it could have been exculpatory. He argues that the lack of such evidence leaves the state with insubstantial evidence of appellant's guilt of the crimes of grand larceny and burglary. The appellant raises this issue for the first time in this appeal. At trial his attorney argued to the jury that the absence of proof of fingerprint and shoeprint evidence, connecting ap-

pellant to the scene of the crime, was a weakness in the state's case. The argument suggested this lack of evidence should raise a reasonable doubt in the jurors' minds, particularly in view of appellant's testimony concerning how he came into possession of the stolen vehicle and other items taken in the burglary.

■ The general rule in Idaho is that, in the absence of a timely objection to an alleged error at trial, an appellate court will not consider the alleged error on appeal. *State v. Sharp*, 101 Idaho 498, 503, 616 P.2d 1034, 1039 (1980). However, an appellate court will consider fundamental or plain error even if no adequate objection is interposed at trial. *State v. White*, 97 Idaho 708, 714 ft. n. 8, 551 P.2d 1344, 1350, cert. denied 429 U.S. 842, 97 S.Ct. 118, 50 L.Ed.2d 111 (1976), *State v. Haggard*, 94 Idaho 249, 251, 486 P.2d 260, 262 (1971).

Our inquiry, then, is whether the failure of the investigating officer at the scene of a burglary to attempt to obtain identifiable footprints and fingerprints in this case deprived appellant of his opportunity to have a fair trial. Such a deprivation would be a denial of due process of law, and would constitute fundamental error.

■ We recognize that under some circumstances the failure of the state to preserve possible exculpatory evidence may rise to the level of denying a defendant a fair trial. The duty of the prosecution to disclose evidence necessarily includes the duty to use earnest efforts to preserve evidence for possible use by a defendant. *State v. Smoot*, 99 Idaho 855, 860, 590 P.2d 1001, 1006 (1978); and *State v. Ward*, 98 Idaho 571, 573, 569 P.2d 916, 918 (1977). However, the issue here is not failure to preserve evidence, but failure to gather evidence. The present case is similar to the facts found in *State v. Reyna*, 92 Idaho 669, 448 P.2d 762 (1968). Reyna was convicted of driving while intoxicated. On appeal he argued that the state deprived him of due process of law by failing to administer a blood test to determine whether or not he was intoxicated. The Supreme Court rejected Reyna's argument, stating:

[T]he right to due process of law does not include the right to be given a blood test in all circumstances. To hold otherwise would be to transform the accused's right to due process into a power to compel the State to gather in the accused's behalf what might be exculpatory evidence. In this case, the State produced testimonial evidence of intoxication, but it had no obligation to obtain for appellant what he speculates might have been more scientific evidence of sobriety. The State may not suppress evidence, but it need not gather evidence for the accused.

92 Idaho at 674, 448 P.2d at 767.

The present case is not one where evidence once obtained was either deliberately or negligently destroyed by an agent of the state, or withheld from appellant. Rather, evidence seemingly available to the police was not gathered. The state did supply substantial evidence to prove appellant's guilt on all charges beyond a reasonable doubt. To require that in every case the state must, in its investigation of a crime, leave no stone unturned would shift the line of fairness between the rights of an accused and the rights of society totally to one side. Appellant's rights in this case were adequately protected by his ability to argue the weakness of the state's proof against the standard of reasonable doubt. *See Eley v. State*, 288 Md. 548, 419 A.2d 384, 388 (Md. 1980). On this point we find no fundamental error requiring reversal of the convictions for burglary and grand larceny.

## II.

■ Idaho Code § 18–211 requires a psychiatric report whenever a defendant files a notice of intention to rely on the defense of mental disease or defect excluding responsibility. Subsection (3)(d) of the statute further provides that the report shall include "an opinion as to the extent, if any, to which the capacity of the defendant to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law was impaired *at the time of the criminal conduct charged.*" [Emphasis add-

ed.] The trial court in this case entered an order requiring such a report. However, the report made by the psychiatrist did not contain a statement of opinion as required by I.C. § 18–211(3)(d). Appellant contends that the trial court erred by failing to require the psychiatric report to state such an opinion. Again, appellant is raising this issue for the first time on appeal. Our review is limited to whether the trial court committed fundamental error.

Appellant cites the case of *United States v. Walker*, 537 F.2d 1192 (4th Cir. 1976), which held that a defendant's right to a fair trial was violated because his counsel was deprived of an adequate opportunity to determine the existence of a substantial insanity defense. In *Walker* a psychiatrist was appointed by the court to determine both the defendant's competence to stand trial and his capacity to commit the offense alleged. The psychiatrist examined the defendant less than thirty minutes and briefly reported only on his competency to stand trial. Defendant's counsel received the report shortly before trial, and his request for a continuance for further investigation concerning mental capacity was denied. Defendant was convicted and upon appeal the court said: "The counsel's failure to make a subsequent motion for additional psychiatric assistance does not excuse the court-appointed psychiatrist's failure to provide the examination and report as directed by the court." 537 F.2d at 1195. The appellate court held it was error for the trial court to deny the request for a continuance. However, the facts of the present case lead us to a different conclusion from that reached in *Walker*.

In the present case appellant's fitness to stand trial has not been made an issue. Appellant was urging a speedy trial because he was incarcerated. One request was made for a postponement of the trial to give appellant's counsel time to locate and talk to "a couple of witnesses" whose names had just been learned. A two week postponement resulted. During this continuance appellant was examined twice by a clinical psychologist, at the request of appellant's counsel.

Appellant's counsel also filed a notice of intention to rely on the defense of mental disease or defect and asked the court to appoint a psychiatrist to examine appellant. Although the notice was filed more than twenty days after the time permitted by the statute, the court ordered an examination pursuant to I.C. § 18–211. This was done and a five page report of the psychiatrist was furnished to the trial judge.

At no time was the adequacy of the psychiatrist's evaluation questioned, nor was any additional evaluation requested. The psychiatrist's report indicated a thorough study of the appellant's psychiatric and personal history. While it did not contain an opinion specifically couched in the statutory language, it did state that the psychiatrist found no mental disease or defect.

At a pretrial hearing, the court specifically asked defense counsel if he wished to have a hearing in regard to the report and the defense of mental defect. Defense counsel responded, "No, there has been an evaluation and it can be submitted to the Court." The court told appellant that, if he did not agree that the court could preliminarily decide the issue on the basis of the report, he could have a hearing and call any witnesses he might want to call. The offer was declined. The court then said that, based on the reports, he found no mental defect was present.

At the beginning of the trial, before the jury was brought in, the trial judge noted the filing of the psychologist's report by appellant's counsel. He noted that such report confirmed that appellant had the requisite fitness to stand trial and did not suffer from a mental disease or defect that would exclude responsibility for the crimes charged. The trial judge made it clear, however, that his preliminary determination would not preclude appellant from presenting the defense of mental illness or defect to the jury.

Appellant's counsel examined some witnesses who had seen the appellant on or about the date of the crimes as to their observations of appellant's rationality, con-

duct, and behavior. But appellant called neither the psychologist nor the psychiatrist who had examined him. Appellant did not request instructions on the defense of mental disease or defect. However, the trial court elected to give such instructions to the jury, noting on the record, in the absence of the jury, that "the evidence does not probably support it, but to prevent any possibility of error the Court is going to give those instructions."

We hold that appellant was not deprived of due process. He was afforded every reasonable opportunity to prepare for, and to present, a defense on the grounds of mental disease or defect. We find no fundamental error on the part of the trial court.

The judgments of conviction are affirmed.

WALTERS, C. J., and BURNETT, J., concur.