767 P.2d 832

STATE of Idaho, Plaintiff–Respondent,

v.

Wayne E. STEVENS, Defendant–Appellant.

No. 16510.

Court of Appeals of Idaho.

Jan. 23, 1989.

Klaus Wiebe, Boise, for defendant-appellant.

Jim Jones, Atty. Gen., Michael Henderson, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

A jury found Wayne Stevens guilty of committing a battery on a correctional officer. On appeal, Stevens contends the trial court abused its discretion by allowing the state, in cross-examination and rebuttal, to present evidence of an "inmate code." He also contends the trial court erred by not giving the jury additional instructions on witness credibility. We affirm.

Stevens was an inmate at the Idaho State Correctional Institution at the time the battery occurred. A correctional officer confronted Stevens and accused him of setting off a fire alarm at the prison. According to the officer, Stevens became enraged and struck the officer in the lower jaw. At trial other inmates present at the scene of the alleged battery testified for Stevens. They all asserted that Stevens had raised his hand and pointed at the officer but that Stevens did not strike him. During the cross-examination of two of the witnesses, the state questioned them, over Stevens' objection, regarding an "inmate code." In prison argot, the "inmate code" is an alleged understanding among inmates that one inmate can rely on (or coerce) another either to testify favorably for him or to refrain from testifying against him regarding a charge of wrongful conduct. The two inmates who were examined about the code expressed doubts that it existed. After the inmates testified, the state called the director of the Department of Correction as a rebuttal witness. He testified, again over Stevens' objection, that an "inmate code" exists. Through its general instructions the trial court told the jurors that they were the sole judges of the subject of credibility. Stevens did not request additional instructions on the credibility of witnesses. The jury found Stevens guilty and this appeal followed.

## CROSS–EXAMINATION

Stevens argues that questions concerning the "inmate code" violated the rules of

evidence because they sought improperly to show character for untruthfulness, by implying that inmates are not credible witnesses, and because the questions were designed to invoke the prejudice of jurors against inmates. However, at trial the only objections raised by Stevens to the cross-examination were that the questions were not within the scope of the direct examination and that the answers were merely speculative.

■ The threshold inquiry in any appeal is whether an issue presented for review was preserved by a timely and specific objection at trial. In the absence of a timely and specific objection to evidence being offered at trial, an appellate court generally will not consider the asserted error. I.R.E. 103; *see State v. Wells*, 103 Idaho 137, 645 P.2d 371 (Ct.App.1982). Moreover, an objection on one ground will not be deemed sufficient to preserve for appeal all objections that could have been raised. *See State v. Chaffin*, 92 Idaho 629, 448 P.2d 243 (1968). Nevertheless, in a criminal case an appellate court may consider "fundamental" error even if no adequate objection is interposed at trial. *State v. Wells, supra.*

■ The objections raised by Stevens at trial do not preserve the issues asserted on appeal. Neither do we find any fundamental error. The two inmate witnesses who were examined about the "inmate code" explained that they had heard of such a code but discounted its impact or existence. In general, evidence exposing the bias of any witness is relevant for evaluating credibility by the trier of fact. Consequently, we find the cross-examination here did not so profoundly affect Stevens' rights as to deny him a fair trial.

## REBUTTAL

Stevens challenges the state's rebuttal to the inmates' denial of a "code." Stevens argues that the rebuttal evidence was not relevant, or if relevant, that it was more prejudicial than probative. Stevens also asserts that the rebuttal evidence amounted to improper expert opinion testimony. Again, however, at trial Stevens' only ob-

jection to the rebuttal evidence was that it was speculative.

■ Rebuttal may consist of evidence which explains, repels, counteracts or disproves testimony given on direct or cross-examination by witnesses for the adverse party. The trial court has broad discretion in its decision regarding the admission of rebuttal evidence. *State v. Olsen*, 103 Idaho 278, 647 P.2d 734 (1982); *State v. Gish*, 87 Idaho 341, 393 P.2d 342 (1964). Stevens' failure to object to the court's discretionary ruling on the grounds he now urges to us, leaves the issue unpreserved for an appeal. And, again, we find no fundamental error. Although the state's need to present the rebuttal evidence here could be questioned, we find no deprivation of a fair trial.

## JURY INSTRUCTIONS

Finally, Stevens maintains that the trial court erred in failing to give additional instructions to the jury concerning the credibility of witnesses, especially in light of the evidence regarding an "inmate code." Stevens contends the trial court should have given at least a curative instruction reminding the jurors to put aside any prejudice or bias which may have arisen as a result of the "inmate code" evidence. We note that Stevens made no request for additional instructions at trial, nor does the record show that he objected to the instructions actually given.

■ The trial court has a duty to give pertinent instructions to the jurors, correctly informing them of their obligation to weigh the evidence and the credibility of the witnesses. However, if a defendant desires additional instruction on a particular point, he must submit a correct statement of the law on the point he desires covered. Failure to do so will prevent assignment of error on that point, *State v. Ralls*, 111 Idaho 485, 725 P.2d 190 (Ct.App. 1986), unless the error is fundamental.

■ Here, the trial court correctly instructed the jurors concerning their obligation to weigh the evidence and to consider the credibility of the witnesses. Al-

though the instruction was not exhaustive on these points, we hold that it was sufficient to assure a fair trial. Therefore, we hold that no reversible error was committed with respect to the jury instructions.

The judgment of conviction is affirmed.

WALTERS, C.J., and BURNETT, J., concur.