**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37286**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2011 Unpublished Opinion No. 413** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: March 24, 2011** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **THOMAS RAY KILGORE,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Thomas F. Neville, District Judge.

Order denying motion to amend terms and conditions of probation, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jennifer E. Birken, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Thomas Ray Kilgore appeals from the district court's order denying his motion to amend the terms and conditions of probation.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Kilgore pled guilty to grand theft, Idaho Code §§ 18-2403(1), 18-2407(1)(b). The district court imposed a unified sentence of twelve years with two years determinate, suspended the sentence, and placed Kilgore on probation with terms and conditions for twelve years. Kilgore did not appeal. Subsequently, Kilgore filed a motion to amend the terms and conditions of his probation, which the district court denied.

1

## II.

## ANALYSIS

This case arises out of issuance of checks on closed accounts ostensibly involving both Kilgore and his wife. The terms and conditions of Kilgore's probation, to which he agreed, included Special Condition (j) which states: "As a <u>fundamental</u> condition, the defendant may <u>not</u> continue the relationship with his (new) wife, Tamara Kilgore, if she is convicted of any crime (felony or misdemeanor) related to Ada County Case No. CR-FE-2009-0013875." Kilgore moved to amend the terms and conditions of his probation: "Specifically, the defendant requests the court eliminate 'Special Condition 3(j)' from the judgment, which forbids [sic] from living with his wife while [sic] probation." The district court wrote across the face of a proposed order that was submitted with the motion: "<u>Denied</u>. Defendant has made <u>very bad</u> decisions since associating with his wife, Tamara, who is a <u>bad</u> influence on the Defendant whom she <u>dominates</u> and <u>controls</u>. No grounds stated for the motion. So ordered." Kilgore contends that the court erred in refusing to grant the amendment.

The State contends that Kilgore did not appeal the probation order and, thus, this Court lacks jurisdiction to review that order directly. We agree. However, at issue is the denial of the motion to amend, not the underlying order of probation. The State further argues that Kilgore failed to support the motion to amend with any new information or argument. Kilgore "acknowledges that his motion provided no explicit factual grounds or legal arguments for modification." However, he argues that the nature of the term itself should have put the district court on notice that he was asserting that the term interfered with the fundamental right to marriage and was not reasonably related to the purposes of probation. We disagree. Kilgore agreed to the terms of probation. Kilgore provided no grounds or support for the motion, which itself may be a basis for denial of the motion. The district court was not required to divine the basis for the motion, whether constitutionally based or otherwise. Moreover, the Idaho Supreme Court recently reiterated the general rule that appellate court review is limited to the evidence, theories, and arguments that were presented below. *State v. Johnson*, 148 Idaho 664, 670, 227 P.3d 918, 924 (2010). The court below was presented with no evidence, theories, or arguments in support of the motion and, thus, there are none for this Court to review. Additionally, an objection on one ground, to the extent one was asserted, is insufficient to preserve for appeal all objections that could have been raised. *State v. Stevens*, 115 Idaho 457, 459, 767 P.2d 832, 834

2

(Ct. App. 1989). The district court was not given the opportunity, in the first instance, to entertain the arguments now asserted. Finally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992).

## III.

## CONCLUSION

Kilgore failed to support his motion in the district court and, thus, the district court did not err in denying the motion to amend. The order of the district court denying Kilgore's motion to amend the terms and conditions of probation is affirmed.

Judge GUTIERREZ and Judge MELANSON **CONCUR.**