**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50541**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: July 1, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| NICK E. TURNER, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Benjamin J. Cluff, District Judge.

Judgment of conviction for lewd conduct with a minor child under sixteen and sexual abuse of a child under the age of sixteen years, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

---

TRIBE, Judge

Nick E. Turner appeals from his judgment of conviction for lewd conduct with a minor child under sixteen and sexual abuse of a child under the age of sixteen years. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The State charged Turner with one count of lewd conduct with a minor child under sixteen (Idaho Code § 18-1508) and one count of sexual abuse of a child under the age of sixteen years (I.C. § 18-1506(1)(b)), both committed against R.T. Turner pled not guilty, and the case proceeded to trial.

At trial, Turner opposed the admission of a redacted video of his interview with Twin Falls Police Detective, Ken Rivers. Turner argued the thirty-five-minute video was redacted to showcase portions of the interview that were most favorable to the State.

1

Three segments of the video were admitted at trial. The first admitted segment of the video-recorded interview contained the following conversation:

Detective: I think you know those times. They're just really uncomfortable to talk about. But if you made that mistake, we need to talk about it.

Turner: The only thing I can remember [inaudible]. I don't know if it was a dream or happened. Um, I woke up and her, my hand was touch, my arm right here [indicating top of right forearm] was touching that part but as soon as I realized what it was.

Detective: Sure. And, but I think that was in your mind, right. [redacted].

Turner: I don't, I'm not sure.

Detective: Tell, tell me about that time.

Turner: Um, I can't remember, I was taking a nap. Probably taking a nap. And I remember she was in her, her one-piece swimming suit.

Detective: Okay, so it was the house on Carriage?

Turner: Yeah.

Detective: Okay. And then what happened?

Turner: Well, I just, I think, the way we were laying, her small of her back was like [inaudible] in my face. But it wasn't my hand that was just like this was [indicating underneath of right forearm], I think her squeezing or something is what woke me up and I just [throwing arms back] what the hell.

Detective: Okay, so as you pulled your hand away did your hand touch or come in contact with her vagina?

Turner: [Inaudible] I don't know, I went out. I, I don't even know if I did it.

The second admitted segment of the video-recorded interview included the detective focusing on the conduct compromising the sexual abuse of a child charge. This conduct occurred at Turner's house on New Year's Eve with other family members present. Turner told the detective that he did not remember touching R.T.'s buttocks but if he did, he didn't do it in a sexual way. The third admitted segment summarized the different incidents of inappropriate conduct with R.T., including touching her vagina (which Turner admitted to), and the detective concluded: "So, everything is consistent, right. Other than--and we are going to forget about [R.T.'s statement] 'tell me when to stop' part." To which Turner responded that "it could've happened that way."

Prior to presenting the redacted video to the jury, the State called R.T. as a witness. R.T. testified regarding the events that the State alleged constituted the lewd conduct and sexual abuse by Turner. Specifically, R.T. recalled that Turner kissed her "tongue to tongue" sometime in the summer and that he touched her private areas at some point during the New Year's Eve party. R.T. struggled emotionally and with recalling specific details during her testimony. After the

2

completion of R.T.'s testimony, the State called the Children at Risk Evaluation Services (CARES) forensic interviewer as a witness. Pertinent to this case, the CARES forensic interviewer testified to the following regarding R.T.'s initial report of Turner's inappropriate conduct during the New Year's Eve party:

> Okay. So [R.T.] told me about two different incidents where a person that she referred to as Grandpa Nick did some, in her words, inappropriate things. She told me about a time--the first time that [Turner] touched her. She described she was in the living room. It was a New Year's Eve party. She talked about the family being together. She said she was like eight or seven, somewhere around there. "He decided to touch me, and all I remember is him whispering in my ears, 'Tell me when to stop.'" When asked where he did touching, she said, "In my behind." When asked what he used to touch her behind, she said, "His hand." When asked if it was inside or outside of clothes or something else, she said, "Inside my clothes. Inside of clothes." And when asked what his hand was doing inside her clothes, she said, "It was like rubbing. It was weird." When asked more about her behind, to clarify, she said, "It was in my behind. His finger was in my behind." When asked about what the behind was, she said, "Butt, behind. Then he started to go up to the front." When asked about the front, she said, "What I go to the bathroom with. That was the second place he decided to touch me. It was rubbing. It was inside. It was like the butt, but with the front." So that was one of the incidents that she talked about.

The CARES forensic interviewer also testified regarding R.T.'s report regarding the second incident of Turner's inappropriate conduct:

> So the other incident, she talked about it being summer. She talked a lot about being in the pool. And that's how she remembered it was summer; it was warm outside. [Turner], she said, "He told me, 'Hey, come give me a kiss on the cheek.' And as soon as I did, he thought I was Nana, so he turned his head and kissed me tongue to tongue. And after that, I immediately just ran to the bathroom and started wiping my tongue off."
>
> Then [R.T.] continued to talk about this incident and said that the day that followed, "I thought it was all just a bad dream, and the next morning that's when it all happened again. [Turner] started touching me in the front." [R.T.] told [the CARES forensic interviewer] the touching happened on the couch. [R.T.] said, "It was in--it was in my front, my area."

Finally, the CARES forensic interviewer testified about potential challenges a young child, such as R.T., could face while testifying and why R.T.'s initial report made during the CARES examination could be more credible than R.T.'s trial testimony. Specifically, that she and R.T. spent between twenty and twenty-five minutes together in a room by themselves before R.T. talked to her about the abuse. The CARES forensic interviewer further testified that it would also be

3

appropriate for a child of R.T.'s age to be intimidated to talk in front of a roomful of strangers and the topic is embarrassing.

Ultimately, the jury found Turner guilty of both counts. After the verdict, Turner filed an Idaho Criminal Rule 29(c) motion for judgment of acquittal arguing, among other things, that the district court erred when it did not admit his complete interview with Detective Rivers. Following a hearing, the district court denied Turner's motion. Turner appeals.

## II.

## STANDARD OF REVIEW

This Court reviews a district court's evidentiary rulings for an abuse of discretion. *State v. Ogden*, 171 Idaho 843, 857, 526 P.3d 1013, 1027 (2023). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

On appeal, Turner argues that the district court abused its discretion by allowing the State to introduce a video of his interview with Detective Rivers in which relevant portions had been redacted. The district court determined that the complete video contained inadmissible hearsay. Turner further argues the State will be unable to demonstrate that the district court's error in refusing to include the redacted portions of the video was harmless. In response, the State argues that Turner failed to properly preserve his argument on appeal regarding the basis for objecting to the admission of the video. The State also argues that, even if Turner preserved this argument, the district court did not abuse its discretion by allowing the State to redact the video. Last, the State argues that any error by the district court, with respect to admitting the redacted video, is harmless.

### A. Preservation

The State argues that Turner failed to preserve the argument that the district court abused its discretion by admitting the redacted video of Turner's interview with Detective Rivers, pursuant to Idaho Rule of Evidence 106. The State contends that Turner failed to preserve his argument

4

that the admitted segments of the video left an incorrect "impression that R.T.'s allegations were consistent" with Turner's recollection. Turner argues that his objection to the admission of the redacted video under I.R.E. 106 (the doctrine of completeness) sufficiently preserved his argument that, in the portions of the video that were redacted, R.T.'s testimony is inconsistent with Turner's statements. We agree with the State that Turner has failed to preserve this argument for appeal.

Generally, we will not consider an alleged non-constitutionally based error on appeal in the absence of a timely objection in the trial court. *State v. Chacon*, 168 Idaho 524, 532, 484 P.3d 208, 216 (Ct. App. 2021). To preserve an evidentiary objection for review, I.R.E. 106 requires the party challenging an evidentiary ruling admitting evidence to state the grounds for objection clearly, unless the basis for the objection is apparent from context. Idaho appellate courts have also routinely held that an objection on one ground would not preserve for appeal an objection on another ground. *See, e.g., State v. Higgins*, 122 Idaho 590, 596, 836 P.2d 536, 542 (1992) (finding I.R.E. 404(a) argument unpreserved because the only objection at trial was general assertion that challenged testimony was irrelevant was too general); *State v. Norton*, 134 Idaho 875, 880, 11 P.3d 494, 499 (Ct. App. 2000) (declining to consider unpreserved foundation argument because only objection at trial was based on best evidence rule); *State v. Gleason*, 130 Idaho 586, 592, 944 P.2d 721, 727 (Ct. App. 1997) (declining to consider hearsay and foundation arguments on appeal because only objection at trial was based on chain of custody); *State v. Stevens*, 115 Idaho 457, 459, 767 P.2d 832, 834 (Ct. App. 1989) (finding objections raised at trial did not preserve evidentiary arguments asserted on appeal). Although none of these cases address the doctrine of completeness directly, they shed additional light on how specific an objection must be to preserve an alleged error for appeal. *See Chacon*, 168 Idaho at 533, 484 P.3d at 217.

Here, Turner objected to the admission of the redacted video pursuant to I.R.E. 106 because the redacted version excluded significant portions of the interview between Detective Rivers and Turner, which could potentially mislead the jury regarding Turner's admissions. Turner argued:

> It's the defense's position, Your Honor, that for the concept of completeness and sufficiency and to show what was involved and the details that led up to that conversation, that the entire thing should be played with the exception of those things that we agreed on record to be redacted. That's our position. It's certainly relevant. It has direct application to this case, the context of the interview and what was actually said, not just some of the abbreviated excerpts that the State wishes to bring.

On appeal, Turner argues that the statements which had been redacted demonstrated that his statements were inconsistent with R.T.'s testimony. Turner further argues that these redacted statements could impeach the impression that was left by Detective Rivers' statements in the admitted segments of the video--that Turner's statements and R.T.'s testimony were consistent. The redacted video was played at trial. Turner's objection at trial pursuant to I.R.E. 106 focused on the presentation of his statements potentially being taken out of context and the undue influence the redacted video could have had on the jury's decision. This is distinct from challenging the credibility of the detective's characterization of Turner's statements--the focus of the arguments on appeal. The two arguments carry different objectives and highlight different legal concepts and analyses. As such, Turner's arguments on appeal are unpreserved, and we decline to consider them.

**B.     Completeness Doctrine**

Even if Turner properly preserved his claim of error, we hold that the doctrine of completeness (I.R.E. 106), as Turner argues it, does not apply in the instant case. Turner argues that the district court erred by admitting the redacted video of his interview with Detective Rivers. Turner asserts the entire video should have been admitted under the doctrine of completeness. First, Turner contends that the district court incorrectly excluded portions of the video pursuant to the hearsay rule--not the rule of completeness. Next, Turner asserts the portions of the video that were omitted should have been admitted to showcase the inconsistencies between Turner's and R.T.'s versions of the events and the detective's characterization of Turner's interview.

After reviewing the record, the district court reiterated the rule of completeness. The district court found that the portion of the video, prior to the beginning of the first segment, pertained to the failed polygraph test that Turner wanted to exclude.[1] Therefore, the district court found that this portion of the video should not be included for the purpose of completeness because it was prejudicial to Turner. The district court then found that the first segment of the redacted video did not include Turner's qualifying statements, the absence of which could mislead the jury. Therefore, the district court ordered the first segment to include an additional forty seconds.

---

[1]     Prior to trial, Turner and the State stipulated to redact any references to a polygraph test.

With respect to the second segment of the redacted video, the district court found that it abruptly ended when Turner was still in the middle of a sentence. Therefore, the district court determined that the second segment needed to include an additional ten seconds to properly represent Turner's statements. With respect to the remaining time between the second and third segments, the district court found that Turner was theorizing what R.T. could have reported as inappropriate conduct. The district court held that this portion of the video was irrelevant and unrelated to the content of the second segment and, therefore, was properly redacted.

Finally, the district court held the third segment of the redacted video was appropriate and complete. The district court also held that the portion of the video that referenced Turner's significant other, her suicide attempt, and other statements regarding their relationship was irrelevant was properly redacted.[2]

Idaho Rule of Evidence 106 identifies the confines of the completeness doctrine:

> If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part--or any other writing or recorded statement--that in fairness ought to be considered at the same time.

*See also State v. Bingham*, 124 Idaho 698, 699, 864 P.2d 144, 145 (1993) (noting hearsay may be admissible under I.R.E. 106). Under the common-law rule that underpins I.R.E. 106, the reason for the completeness doctrine is that there is a "danger that an out-of-context statement may create such prejudice that it is impossible to repair by a subsequent presentation of additional material." *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 171 n.14 (1988). Therefore, I.R.E. 106 requires the admission of those portions of the statement that are essential to qualify, explain or place into context the portion already introduced. *State v. Ogden*, 171 Idaho 843, 856, 526 P.3d 1013, 1026 (2023). Simply put, a trial court is not required to admit an entire statement just because the State introduces an inculpatory portion of it. Rather, the inclusion of the exculpatory portion of the statement, and whether that portion is essential for, and relevant to, the context rests in the sound discretion of the district court.

Turner claims that the district court erred by refusing to include the redacted portions of the video because the district court determined they did not provide context or completeness to the

---

[2] Prior to trial, Turner and the State stipulated to redact any references to the attempted suicide of R.T.'s grandmother.

admitted portions of the video. The district court also ruled that the statements in the video contained hearsay. Turner argues that, while no Idaho appellate cases directly address the issue, hearsay may be included under I.R.E. 106. We need not address this issue as the district court correctly determined that the redacted portions of the video need not be included in order to ensure the evidence admitted is complete. Consequently, Turner failed to establish that the district court abused its discretion in refusing to include the redacted portions of the video.

## IV.

## CONCLUSION

Turner failed to preserve the argument for appeal. However, if he had, Turner still failed to show that the district court erred by holding that redacted portions of the video should have been included under the doctrine of completeness. Therefore, Turner's judgment of conviction for lewd conduct with a minor child under sixteen and sexual abuse of a child under the age of sixteen years is affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.