**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Buford Eugene POTTS,
Defendant-Appellant.**

No. 75–3489.

United States Court of Appeals,
Fifth Circuit.

Oct. 22, 1976.

6. La.Rev.Stat. § 14:64 (1974).

Charles Orsburn, Houston, Tex., for defendant-appellant.

Edward B. McDonough, Jr., U. S. Atty., Mary L. Sinderson, George A. Kelt, Jr., Jack O'Donnell and James R. Gough, Jr., Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before AINSWORTH and RONEY, Circuit Judges, and ALLGOOD, District Judge.

PER CURIAM:

Buford Eugene Potts appeals from his conviction for making a false statement to a federally insured bank to influence the action of the bank in violation of 18 U.S.C. § 1014. Potts twice moved for judgment of acquittal, claiming the evidence against him was insufficient, once after the government had rested its case and again before sentencing. Both motions were denied. He was sentenced to five years supervised probation and was required to make restitution. He now urges reversal in this court on the ground of insufficient evidence. We affirm.

In operating a used car business, Potts financed the purchase of used cars through a floor plan agreement with the Baytown State Bank, a bank insured by the Federal Deposit Insurance Company. The terms of the floor plan agreement required that a promissory note be executed by Potts on each car he purchased. He was also required to give to the bank as collateral the original seller's car title, which remained in the possession of the bank until the loan given on that car was repaid by Potts. Each car loan under the financing agreement was obtained by Potts' oral application and had to be approved on its own merits.

The specific charge in the indictment was that Potts made a material and knowingly false statement in an oral application for a loan from the Baytown State Bank by representing the state of Ohio certificate of title showing ownership of a 1973 Lincoln Mark IV which he was pledging as security was genuine and true. Appellant contends that the government failed to prove these facts. He supports this allegation by asserting that: (1) Anthony Rome, the bank officer, could not remember exactly what was said on March 19, 1974, the day of the transaction in question; (2) there was nothing in the certificate of title for the 1973 Lincoln Mark IV which indicated that the bank had a security interest in the car; and (3) the car title showed ownership in a James Earl Miller and not in the Baytex Motor Company, appellant's business.

The government need not prove every fact charged in the indictment as long as it proves enough of the facts charged therein to satisfy the essential elements of the crime. *United States v. Trexler*, 474 F.2d 369 (5th Cir.), *cert. denied*, 412 U.S. 929, 93 S.Ct. 2759, 37 L.Ed.2d 157 (1973). The testimony of the bank officer, Anthony Rome, was sufficient to establish that in accordance with the existing floor plan agreement, Potts handed Anthony Rome as collateral for a $5,150.00 loan, a document purporting to be a state of Ohio car title for the 1973 Lincoln Mark IV. This document was capable of influencing the bank because the bank, relying on the accuracy of the document, deposited the loan funds to Potts' business account after he signed for the amount of the loan a promissory note which referred to the 1973 Lincoln Mark IV. Here appellant, through presentation of a false car title as security

for a loan, made a false statement to the bank. Potts' intent to influence the bank was established by testimony that under the agreement in question, a seller's title was required for each loan. The falsity of the state of Ohio title document was established by testimony that the genuine car title bearing the number on the document presented by Potts had been issued to a different individual for a different car and had been surrendered. Testimony establishing that Potts purchased two stolen Ohio car titles in blank and that the 1973 Lincoln Mark IV was never present on the Baytex Motor Company lot was sufficient to prove that Potts acted knowingly.

Viewed in the light most favorable to the government, there is substantial evidence in the record surrounding the circumstances of the transaction in question which could support the factfinder's conclusions that the appellant knowingly made a material false statement with the intent to influence the bank in granting the loan. *Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1941); *United States v. Goberman*, 458 F.2d 226 (3d Cir. 1972).

The judgment of the district court is AFFIRMED.