UNITED STATES of America, Plaintiff-Appellee,

v.

Erasmo Olivarez FLORES, Defendant-Appellant.

No. 77-5059.

United States Court of Appeals, Fifth Circuit.

Dec. 12, 1977.

Raul L. Longoria, L. Aron Pena, Edinburg, Tex., for defendant-appellant.

J. A. Canales, U. S. Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., Robert A. Berg, Asst. U. S. Atty., Corpus Christi, Tex., George A. Kelt, Jr., Mary L. Sinderson, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before GOLDBERG and MORGAN, Circuit Judges, and WYZANSKI *, District Judge.

GOLDBERG, Judge:

Defendant Flores was charged with knowingly possessing marijuana with the intent to distribute. 21 U.S.C. § 841. In a trial to the court, the defendant was convicted and sentenced to four years imprisonment, to be followed by a special parole term of three years. Finding the government's evidence insufficient to support the conviction, we reverse.

The facts of this case are very simple. Flores was a passenger in a pickup truck stopped at the Falfurrias checkpoint. The Border Patrol had previously been alerted to the possibility that a truck matching the description of the one in which Flores was a passenger might contain marijuana. The officers approached the truck and questioned the driver and Flores regarding their citizenship. Although the officers were satisfied that both occupants were United States citizens, they directed the driver to pull over to the secondary inspection lane, apparently because Officer Tidball had noticed that the camper attached to the pickup had what appeared to be a false compartment in the ceiling.

Instead of pulling over to the secondary inspection lane, the driver of the pickup sped away from the checkpoint. Officer Simpson gave chase at over 100 m. p. h. and finally caught up with the truck when it pulled off to the side of the road. The defendant jumped out of the truck and ran. Officer Simpson pursued him on foot but failed to catch him. A rancher later found Flores in his pasture and brought him to the checkpoint, where Flores was arrested. The driver of the truck was never apprehended; the truck itself was later searched and found to contain 175 lbs. of marijuana.[1]

The defendant made no inculpatory statements at the checkpoint, upon arrest, or at any subsequent time. Nor did he take the stand during the trial. It is undisputed that he was the passenger and not the driver of the pickup. No evidence was introduced by the government to show any relationship between Flores and the driver. The marijuana was not visible to Flores at any time.

Although the law is clear that evidence of Flores' flight from the truck was both relevant and admissible on the issue of his knowledge that the truck contained marijuana, relevance and admissibility do not equal sufficiency. We would have to take a flying leap to sustain this conviction which is based on flight alone; no case cited in the government's brief or uncovered by our research supports the proposition that one may be made a jailbird simply for hav-

* Senior United States District Judge, District of Massachusetts, sitting by designation.

1. The record is absolutely silent on the recovery of the truck and the discovery of the marijuana. It is stipulated, however, that the marijuana introduced into evidence was taken from the truck. Flores challenges the admissibility of the marijuana. In view of our conclusion that the government's case against Flores was insufficient even with the marijuana evidence, we need not rule on the defendant's fourth amendment claim.

ing taken wing. Yet this is all the government has shown Flores to have done.

In *United States v. Christian*, 505 F.2d 94 (5th Cir. 1974), we sustained the convictions of two defendants. The first defendant was in physical control of a motorboat which he knew to contain contraband; the other defendant was a passenger. In sustaining the conviction of the passenger, the court did not even take into account the waterborne attempt to elude the customs intercept operation by high speed flight. Instead, the court noted that thirty-seven sacks of marijuana had been stored in plain view in the cabin of the vessel in which the defendant had been a passenger for eight days. A permissible inference of knowledge could certainly have been drawn from this evidence. Moreover, the court attached probative value to the length of the voyage and the passenger's relationship to the co-defendant, her husband, who was in control of the vessel. In contrast, here the government admits that the marijuana was not visible to Flores and has offered no evidence regarding the relationship, if any, between Flores and the driver. Nor has the government offered any inculpatory statement by the defendant to indicate his knowledge. *Cf. United States v. Canada*, 459 F.2d 687 (5th Cir. 1972) (defendant, a passenger in a car containing a large amount of marijuana, states that the marijuana came from Mexico, proving his prior knowledge of its presence).

Apart from the evidence of flight, the case at bar seems most nearly akin to *United States v. Montoya*, 402 F.2d 847 (5th Cir. 1968), in which our court reversed the conviction of a defendant who was a passenger in a pickup truck loaded with marijuana. The court noted that Montoya made no incriminating statements, that he neither drove nor owned the truck, that he had neither marijuana nor a weapon upon his person, and that the marijuana was not readily visible to a passenger in the truck. *Id.* at 850. As to each of these possibly probative matters, the government's case

against Flores is identical to that against Montoya, i. e., non-existent. None of the additional circumstances present in similar cases in which convictions were affirmed were proven here. *See United States v. Diamond*, 471 F.2d 771 (9th Cir.), *cert. denied*, 412 U.S. 932, 93 S.Ct. 2751, 37 L.Ed.2d 161 (1973) (defendant under surveillance crosses and recrosses border into Mexico; as driver in control of vehicle he refuses to pull over on police request; strong smell of marijuana); *United States v. Christophe*, 470 F.2d 865 (2d Cir. 1972) (defendant observed placing valise containing heroin into trunk of car; refuses to halt in response to sirens; makes false exculpatory statements to FBI agents); *United States v. Rich*, 262 F.2d 415 (2d Cir. 1959) (defendant observed picking up narcotics from supplier; drives car into pillar when FBI agents identify themselves).

To sustain Flores' conviction we would have to hold that his flight from the truck, driven by someone else and pursued by the police at high speed, raises such strong inferences of guilty knowledge that it excludes every reasonable hypothesis of innocence. *United States v. Haggins*, 545 F.2d 1009 (5th Cir. 1977); *United States v. Casey*, 540 F.2d 811 (5th Cir. 1976). We refuse to so hold. We will not hypothesize guilt. The presumption of innocence will not be exorcised by exercises in speculation.

For the reasons stated, the judgment of the district court is reversed.

REVERSED.