**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Herman C. ALONZO, a/k/a Roland Alonzo, Defendant-Appellant.**

**No. 77-5491**

**Summary Calendar.\***

United States Court of Appeals, Fifth Circuit.

April 28, 1978.

---

\* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Robert J. Stamps, Metairie, La., for defendant-appellant.

John P. Volz, U. S. Atty., Mary U. Cazalas, Daniel A. Bent, Albert J. Winters, Jr., Asst. U. S. Attys., New Orleans, La., for plaintiff-appellee.

Before RONEY, GEE and FAY, Circuit Judges.

FAY, Circuit Judge:

Alonzo appeals a jury verdict of guilty on several counts of an indictment alleging distribution of cocaine, possession of cocaine with intent to distribute, and conspiracy, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Originally indicted along with several others [1] in connection with a large scale narcotics ring operating in Jefferson Parish, La.,

---

1. Two of those indicted, Joseph Oddo and Violet Cheramie pleaded guilty; and two others, Ann Decker and Larry Vice, were convicted on trial by jury of conspiracy and their convictions affirmed, *United States v. Decker*, 5 Cir. 1976, 543 F.2d 1102.

Alonzo was tried separately due to his fugitive status.

In seeking a reversal of his conviction Alonzo relies on the following points of error.

### 1. *Evidence of flight.*

■ Alonza was located living under an assumed name in Mississippi and arrested approximately 18 months after the *Decker* trial. He alleges that reversible error was committed when at his trial evidence was introduced regarding the circumstances of his flight and arrest. We find this argument without merit. Although a conviction may not be based on evidence of flight alone, evidence of flight may be relevant and a legitimate ground for the inference of guilt. See *United States v. Flores*, 5 Cir. 1977, 564 F.2d 717, 718; *United States v. Heitner*, 2 Cir. 1945, 149 F.2d 105, 107, cert. denied, 326 U.S. 727, 66 S.Ct. 33, 90 L.Ed. 432; *accord United States v. Clark*, 5 Cir. 1975, 506 F.2d 416, 419. Here there was ample other evidence on which the jury could have based its finding of guilt. Moreover, the court carefully instructed the jury that flight was only one fact to be considered in the light of all the other evidence and that flight could also be prompted by reasons consistent with innocence. Accordingly, the prejudicial effect, if any, from the admission of this evidence was minimal.

### 2. *Hearsay testimony regarding activities of William Orgeron before he became a cooperating individual.*

■ In the *Decker* trial William Orgeron testified that he had sold Jefferson Parish narcotics agents drugs which he had received from Joseph Oddo. At Alonzo's trial, the latter identified Alonzo as his sole source of supply. Orgeron was not called as a witness at Alonzo's trial but the court permitted the introduction of hearsay testimony from Jefferson Parish agents concerning the activities of Orgeron up to the time he became a cooperating individual which the court ruled to be May 23, 1975. Alonzo contends that: (1) this hearsay was improperly admitted; and (2) the court should have allowed the question of when Orgeron became a cooperating individual to

have been presented to the jury. Neither contention requires reversal. Rule 801(d)(2)(E), of the Federal Rules of Evidence clearly provides that a statement by a coconspirator during the course of and in furtherance of the conspiracy is not hearsay; and the court's ruling that Orgeron's role as a cooperating individual did not commence until May 23 was before this Court and tacitly approved in *Decker.* Furthermore, Alonzo made no request for a contemporaneous cautionary instruction, as in *United States v. Apollo*, 5 Cir. 1973, 476 F.2d 156, and the Court issued an adequate cautionary instruction in its general charge.

### 3. *Letter of Assistant U.S. Attorney Bent.*

■ After the testimony was taken in *Decker* but prior to the close of that case, Assistant U.S. Attorney Bent addressed a letter to defense counsel clarifying certain discrepancies in the testimony of Joseph Oddo and Violet Cheramie regarding what happened at their plea negotiations. We held there that the government had fulfilled its duty of disclosure by supplying the recollection of the true circumstances of the plea negotiations with these witnesses at a time when their recall and the further exploration of those matters was still possible and that in any event in view of the fact that Oddo's agreement was fully disclosed to the jury and the subject of extensive cross examination, any error would be harmless. *United States v. Decker*, 5 Cir. 1976, 543 F.2d 1102, 1105. The same considerations which prompted our ruling in the *Decker* case apply here, particularly in view of the following: (1) no effort was made by the defense to subpoena Bent until Alonzo's trial was well underway, and the existence of the Bent letter was known since the *Decker* trial; (2) the court gave the defense the opportunity to have the government's case reopened and Bent called as a witness, provided the entire letter was admitted into evidence, but the offer was declined; and (3) Joseph Oddo testified to almost the same effect as what was stated in the letter, namely, that the plea agreement included a promise of leniency towards Oddo's son and

Violet Cheramie. Any variation in Oddo's testimony as to who was actually present at the plea negotiations appears irrelevant and purely collateral to the main issue.

4. *Failure to disclose name of informant.*

██ Alonzo further contends that the court should have granted his pretrial motion for disclosure of the first informant who introduced one of the undercover agents to Orgeron. This contention is likewise without merit. A review of the evidence shows that, while the informant was present when the narcotic transactions occurred, he was not such a participant in the transactions that the disclosure of his identity would have been relevant and helpful to the defense. It is well settled that the government is not required to disclose the identity of an informant who is a mere tipster and not an active participant in the offense charged even though he was present during the transaction in question. *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); *Bourbois v. United States*, 5 Cir. 1976, 530 F.2d 3; *United States v. Clark*, 5 Cir. 1973, 482 F.2d 103; *United States v. Mendoza*, 5 Cir. 1970, 433 F.2d 891, cert. denied, 401 U.S. 943, 91 S.Ct. 953, 28 L.Ed.2d 225 (1971).

5. *Sufficiency of evidence.*

██ In determining the sufficiency of the evidence to support a conviction, all the evidence and reasonable inferences therefrom must be viewed in the light most favorable to the government. *Glasser v. U. S.*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). The function of the reviewing court is to determine whether "reasonable minds could conclude that the evidence is inconsistent with the hypothesis of the accused's innocence." *United States v. Warner*, 5 Cir. 1971, 441 F.2d 821, cert. denied, 404 U.S. 829, 92 S.Ct. 65, 30 L.Ed.2d 58 (1971). Alonzo was identified as the supplier by Oddo and Cheramie. Oddo testified that as he would sell the cocaine and need more Alonzo would bring him more. Oddo sold the cocaine to Orgeron, who was originally a coconspirator but who subsequently became a cooperating individual and worked in conjunction with Jefferson Parish undercover agents. Several surveillances were set up and Alonzo was observed arriving at Oddo's house on May 16, May 21, and May 28, 1975, at times closely related to Oddo's sales of cocaine. Cheramie testified that at Oddo's request, she went to a room at the Travel Lodge Motel, where she met Decker and Alonzo, who gave her a package of cocaine to take to Oddo. When leaving the room she was observed by surveilling agents carrying a small brown cardboard box. Cheramie also confirmed several visits made by Alonzo to Oddo's house for the purpose of bringing the cocaine. The testimony of Oddo and Cheramie was fully corroborated by the testimony of the surveilling agents. The evidence was sufficient to convict under the standards of *Glasser* and *Warner, supra.*

██ Alonzo argues that since he was acquitted on the counts charging substantive offenses prior to May 15, 1975, the court should have granted his motion for judgment of acquittal. One explanation for his acquittal on these counts could be the weight given by the jury to the corroborative testimony of the surveilling agents, since Alonzo was found guilty on those counts which charged offenses after May 15, 1975, when surveillance took place. In any event the law is clear that consistency in a verdict is not a requirement of conviction, *United States v. Smith*, 5 Cir., 1975, 523 F.2d 771, 782, nor need the government prove every fact charged in the indictment so long as it proves enough facts charged therein to satisfy the essential elements of the offense. *United States v. Potts*, 5 Cir. 1976, 540 F.2d 1278, 1279.

6. *Restriction of cross-examination of Oddo.*

██ Alonzo further alleges that he has been denied his Sixth Amendment right of cross-examination in that the court unduly restricted his cross-examination of Oddo and he was not furnished a statement made by Oddo but only a synopsis thereof. We find both contentions without merit. First, the record reflects that the govern-

ment furnished him with all Jencks material ahead of time; and second, the court did not abuse its discretion in restricting cross-examination of Oddo pertaining to one Kitty Anderson and one Earl Davis in order to determine if a state charge against Oddo's son was used to pressure Oddo into entering into his agreement with the government to testify. Oddo had already admitted to the jury that he had agreed to cooperate with the government in exchange for leniency to his son and to Cheramie, and the additional cross-examination would have served no useful purpose. Despite the presumption in favor of free cross-examination, placing restrictions on its scope is within the sound discretion of the trial court. See *United States v. Alford*, 282 U.S. 687, 694, 51 S.Ct. 218, 75 L.Ed. 624 (1931); *United States v. Onori*, 5 Cir. 1976, 535 F.2d 938, 945; *Gordon v. United States*, 5 Cir. 1971, 438 F.2d 858, 865, cert. denied, 404 U.S. 828, 92 S.Ct. ·63, 30 L.Ed.2d 56 (1971).

7. *Denial of defense's proposed instructions.*

 Alonzo's final contention is that reversal is warranted because the court denied certain charges requested by the defense. The proposed charges, which included, among other things, charges on reasonable doubt and circumstantial evidence, flight, conspiracy, impeachment of witnesses, and accomplice testimony were all adequately covered in the general charges given by the court.

AFFIRMED.