UNITED STATES of America,
Plaintiff-Appellee,

v.

Clayton Wayne JENNINGS,
Defendant-Appellant.

No. 83–1707
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 21, 1984.

William A. White, Austin, Tex., for defendant-appellant.

Daniel E. Maeso, Sidney Powell, Asst. U.S. Attys., San Antonio, Tex., for plaintiff-appellee.

Before TATE, GARWOOD and HIGGINBOTHAM, Circuit Judges.

TATE, Circuit Judge:

The defendant appeals from his conviction upon bench trial of possession of 21 pounds of marijuana with intent to distribute. 21 U.S.C. § 841(a)(1). On the present appeal,[1] his sole contention is that the evidence was insufficient to prove that he had either actual or constructive possession of the marijuana seized in a truck in which he was riding as passenger at the time of his arrest. We affirm.

The skeletal facts are these: Jennings and co-defendant (Richerson) were arrested by two border patrolmen near the Rio Grande River. They and two Mexican aliens, the latter still soaking wet from crossing the river, were arrested in two vehicles; a pickup truck registered to Richerson, in which he and Jennings as passenger were riding; and a sedan registered to the defendant Jennings, in which the aliens were riding. The aliens told the officers that Jennings and Richerson had provided them

---

1. An earlier appeal to this court arose from the present trial. The district court had simultaneously heard evidence on the merits and on pending motions to suppress, had found the defendant guilty, but then granted his motion to suppress and vacated the guilty verdict. On the government's appeal, a divided panel of this court had in an unpublished opinion reversed and remanded with instructions to the district court to re-enter its judgment of guilty. *United States v. Jennings and Richerson*, 701 F.2d 171 (5th Cir.1983). This present appeal is from the subsequent judgment of conviction.

with the sedan. As a result of a standard inventory search of the pickup truck, at least 20 pounds of marijuana in two plastic sacks or bundles were found in the cab and in an unlocked tool box bolted to the bed of the truck. One of the aliens testified that he had brought two sacks of marijuana with him over the border from Mexico and that he had sold them to Jennings for $500 per kilo (i.e., about $220 per pound).

In arguing that the evidence was insufficient to prove his actual or constructive possession[2] of the marijuana, Jennings pointing to inconsistencies and alleged improbabilities of the testimony of the alien witness (who testified through an interpreter), argues that the alien's testimony is not credible, and essentially contends that the evidence against him boils down to his being a passenger in Richerson's truck—which is insufficient to prove his guilt of the possession of the marijuana found in that truck. *United States v. Flores,* 564 F.2d 717 (5th Cir.1977). (He does not argue, nor could he successfully, that (if possession *is* proven) the trier of fact could not infer the intent to distribute the possessed marijuana because of its quantity and its price. *See, United States v. Caballero,* 712 F.2d 126, 131 (5th Cir.1983).)

■ Where a jury has been waived and bench trial held, on appellate review of "the ultimate finding of guilt the usual rule is that it must stand if it is supported by substantial evidence." 2 Wright, Federal Practice and Procedure: Criminal § 374, p. 315 (1982); *United States v. Hull,* 437 F.2d 1, 3 (5th Cir.1971). As stated in *Gordon v. United States,* 438 F.2d 858, 868 n. 30 (5th Cir.), *cert. denied,* 404 U.S. 828, 92 S.Ct. 139, 30 L.Ed.2d 56 (1971), in reviewing the findings of guilt by a trial court in a non-jury trial, the standard of review of the appellate court

is to determine whether such findings are supported by any substantial evidence. It is not our function to make credibility choices or to pass upon the weight of the evidence. The test is whether the evidence is sufficient to justify the trial judge, as trier of the facts, in concluding beyond a reasonable doubt that the defendant was guilty....[3]

Of course, it is the function of the trial court, not the reviewing court, to weigh the evidence, determine the credibility of witnesses, and find the facts. Wright, *supra,* § 374, p. 315. To the trial court as trier of fact is entrusted the function of selecting from among conflicting inferences as to which reasonable minds could differ. *United States v. Pitts,* 428 F.2d 534, 537 (5th Cir.), *cert. denied,* 400 U.S. 910, 91 S.Ct. 154, 27 L.Ed.2d 149 (1970).

■ Under the facts summarized above, substantial evidence clearly supported the district court's finding that the defendant Jennings had bought at least the marijuana found in the tool box and possessed it (at the least, constructively) as owner.

Sufficient support without more, was the trier's factual determination that Jennings owned the marijuana discovered in the truck, founded on the trier's favorable credibility evaluation of the testimony of the alien witness. The alleged inconsistencies in the testimony of this illiterate witness, speaking through an interpreter, did not destroy the incriminatory purport of his tale, found credible by the trial court. If further corroboration were needed (and it is not), it is easily found, as for example: the corroborative testimony of the other smuggled alien as to the marijuana (although he was unable to remember whether the person to whom it was sold either was or was not Jennings); and the entire circumstances

---

**2.** "Constructive possession has been defined as 'the knowing exercise of, or the knowing power and right to exercise, dominion and control over the proscribed substance.'" *United States v. Vergara,* 687 F.2d 57, 61–62 (5th Cir. 1982).

**3.** The appeal in *Gordon, supra,* was by multiple defendants, most tried by jury, but one by waiver of jury. *Gordon* noted that the standard of appellate review as to the jury-tried defendants was that provided by *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942), *see* 438 F.2d at 867, while the standard of review of the bench-tried defendant was the substantial evidence test.

of the joint smuggling enterprise by Richerson and the defendant Jennings, reasonably leading to rejection of the inference suggested by Jennings that the marijuana may have been purchased or controlled solely by Richerson, his confederate.

*Conclusion*

Finding no merit to the defendant's contention that insufficient evidence supports the finding of his guilt, we AFFIRM his conviction.

AFFIRMED.