**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43316**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Opinion No. 63** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: October 5, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **KATHRYN LAURA BLAKE,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Steven J. Hippler, District Judge.

Judgment of conviction for conspiracy to commit grand theft by extortion, affirmed.

Nevin, Benjamin, McKay & Bartlett, LLP; Deborah A. Whipple, Boise, for appellant. Dennis Benjamin argued.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

WALTERS, Judge Pro Tem

Kathryn Laura Blake appeals from her judgment of conviction for conspiracy to commit grand theft by extortion, Idaho Code §§ 18-1701, 18-2403(2)(b)(e)(1)(9), 18-2407(1)(a)(1). Blake specifically argues the district court abused its discretion in denying Blake's motion for relief from prejudicial joinder because prejudice resulted from both inadmissible evidence used against her at trial and the district court's failure to give a limiting instruction regarding that evidence. For the reasons explained below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

A grand jury indicted Blake for grand theft by extortion and conspiracy to commit grand theft by extortion after she collected payment from a confidential informant for a debt owed to a

1

drug dealer. The district court consolidated Blake's case with her co-conspirator's case, reasoning that the facts, evidence, and witnesses were the same in each case. Blake joined her co-conspirator's motion for relief from prejudicial joinder. Blake argued she would be prejudiced by inadmissible evidence of her co-conspirator's statements to a detective in which the co-conspirator discussed the detective's investigation of the drug dealer. Additionally, Blake maintains that evidence pertaining to the allegedly dangerous drug dealer and evidence concerning the confidential informant were inadmissible. At a hearing on the motion for relief from prejudicial joinder, the detective testified through an offer of proof, stating that the co-conspirator's statements were made in furtherance of a conspiracy. The district court then denied the motion, noting that any potential prejudice could be eliminated or limited through limiting instructions or other remedies, if necessary, and that the benefits of a joint trial outweighed any concerns raised. The jury returned a verdict of guilty on the conspiracy count but was unable to reach a verdict on the grand theft count. Blake appeals from her conviction.

## II.

## ANALYSIS

Blake argues the district court abused its discretion in denying her motion for relief from prejudicial joinder. Idaho Criminal Rule 8(b) provides that "two (2) or more defendants may be charged on the same complaint, indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Actions properly joined under Idaho Criminal Rule 8(b) may be severed under Idaho Criminal Rule 14, which governs relief from prejudicial joinder, if it appears that a joint trial would be prejudicial. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Gamble*, 146 Idaho 331, 337, 193 P.3d 878, 884 (Ct. App. 2008). The defendant has the burden of showing such prejudice. *Caudill*, 109 Idaho at 226, 706 P.2d at 460; *Gamble*, 146 Idaho at 337, 193 P.3d at 884.

A motion to sever is directed to the trial court's discretion, and this Court will not overturn a denial of the motion unless the trial court has abused its discretion. *State v. Tankovich*, 155 Idaho 221, 227, 307 P.3d 1247, 1254 (Ct. App. 2013). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and consistently with any legal standards applicable to

the specific choices before it, and reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989). When reviewing an order denying a severance motion, the inquiry on appeal is whether the defendant has presented facts demonstrating that unfair prejudice resulted from a joint trial. *Tankovich*, 155 Idaho at 227, 307 P.3d at 1254.

Here, during a hearing for Blake's motion for relief from prejudicial joinder, the district court denied the motion and noted that "an appropriate and fair trial can be accomplished in a joint trial," and "the benefits of a joint trial in light of the allegations of conspiracy, as well as the need for the same witnesses and evidence, outweighs any concerns raised." The district court further indicated that any prejudice could, if necessary, be eliminated or limited through a limiting instruction or other remedy.

Blake maintains that unfair prejudice resulted from both the inadmissible evidence used against her and the failure of the district court to give a limiting instruction. Blake argues the co-conspirator's statements to the detective were inadmissible. Specifically, the co-conspirator informed the detective that the drug dealer told the co-conspirator the drug dealer wanted to murder the detective and the confidential informant. The State contends, however, that the co-conspirator's statements to the detective are admissible under a hearsay exception.

Pursuant to Idaho Rule of Evidence 801(d)(2)(E), statements are not hearsay if made "by a co-conspirator of a party during the course and in furtherance of the conspiracy." Evidence of statements made by co-conspirators is admissible if there is some evidence of the conspiracy or promise of its production. *State v. Rolon*, 146 Idaho 684, 693, 201 P.3d 657, 666 (Ct. App. 2008). The scope of the co-conspirator exception is narrow, and the requirement that the co-conspirator's statement be made during the course of and in furtherance of the conspiracy is a prerequisite to admissibility that scrupulously must be observed. *Id.* There must also be sufficient evidence from which a trial court may reasonably infer the existence of a conspiracy. *Id.*

Here, the detective, through an offer of proof, informed the district court that the co-conspirator's statements were made in "an effort [by the co-conspirator] to elicit information from me to confirm facts he believed to be true regarding the drug trafficking investigation." The detective further testified that the co-conspirator "was attempting to determine whether or not I was still involved in investigating any of these other people that were not in custody to, if you will, evaluate the risk to himself by sending [Blake] out to start collecting money." "In other

3

words," the detective noted, "if I were still in contact with these people, he was not going to send [Blake] out to collect money because it would pose a risk to himself and [Blake] being discovered." The district court then determined that the statements from the co-conspirator to the detective were indeed made in furtherance of a conspiracy. We conclude the district court did not abuse its discretion in its determination. The statements were admissible under the co-conspirator hearsay exception.

Blake also argues that the evidence regarding the drug dealer's activities, the State's investigation of the drug dealer, the State's use of the confidential informant, and the danger to the confidential informant is inadmissible. Blake reasons that the evidence is irrelevant because she had no knowledge of such events. To be admissible, evidence must be relevant. I.R.E. 402. Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. I.R.E. 401. Here, the evidence pertaining to the drug dealer's activities, the State's investigation of the drug dealer, and the confidential informant is relevant because Blake and her co-conspirator collected debts owed to the drug dealer. Blake's alleged ignorance of the challenged evidence is of no consequence to the relevancy of the evidence because her knowledge does not make a fact more or less probable. Because the co-conspirator's statements and the evidence regarding the drug dealer and confidential informant were admissible, Blake cannot establish unfair prejudice from a joint trial. Thus, the district court did not abuse its discretion in denying Blake's motion for relief from prejudicial joinder, nor was there a need for a limiting instruction.[1]

### III.

### CONCLUSION

The district court did not abuse its discretion in denying Blake's motion for relief from prejudicial joinder because Blake did not establish unfair prejudice from a joint trial. We therefore affirm Blake's judgment of conviction for conspiracy to commit grand theft by extortion.

Judge GRATTON and Judge HUSKEY **CONCUR**.

---

[1] Moreover, the district court's initial consideration to cure potential prejudice with a limiting instruction does not obligate the district court to later use a limiting instruction, especially when neither attorney requests one.