IN THE COURT OF APPEALS OF THE STATE OF IDAHO

Docket No. 47009

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: March 18, 2021 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) |
| ROCCO JOSEPH CHACON, JR., | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Judgment of conviction for eluding a police officer, unlawful possession of a firearm, and possession of a controlled substance, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Rocco Joseph Chacon, Jr. appeals from his judgment of conviction for eluding a police officer, unlawful possession of a firearm, and possession of a controlled substance. We affirm.

I.

FACTUAL AND PROCEDURAL BACKGROUND

After receiving a tip regarding Chacon's whereabouts, officers sought to arrest Chacon on outstanding warrants. Plain-clothes officers in unmarked police vehicles converged upon and partially surrounded the vehicle Chacon was driving as he approached an intersection. The officers exited their vehicles and, with weapons drawn, commanded Chacon to show his hands and exit his vehicle. Chacon responded by fleeing in his vehicle through an opening in the police blockade,

1

hitting an officer who was approaching on foot. As Chacon sped away, an officer fired on Chacon's vehicle and wounded his passenger. The ensuing high-speed pursuit ended after Chacon's vehicle lost one of its rear tires. After a short foot chase, officers apprehended Chacon. Searches of Chacon's person and vehicle yielded marijuana, drug paraphernalia, a stolen handgun, and a black case containing methamphetamine.

The State charged Chacon with eluding a police officer, unlawful possession of a firearm, battery with intent to commit a serious felony on certain personnel, and grand theft by possession of stolen property (the firearm). After Chacon unsuccessfully moved to sever some of the charges, the State moved to consolidate this case with another in which Chacon was charged with possession of a controlled substance for the methamphetamine in the black case found on his person. The district court granted the motion over Chacon's objection. The case proceeded to trial, and a jury found Chacon guilty of eluding a police officer, unlawful possession of a firearm, and possession of a controlled substance, but acquitted him of battery with intent commit a serious felony on certain personnel and grand theft. Chacon appeals, arguing that the district court erred by trying all three charges for which he was convicted in a single proceeding and by improperly admitting prejudicial evidence of his prior acts.

## II.

## STANDARD OF REVIEW

Whether joinder is proper under I.C.R. 8 is reviewed de novo. *State v. Nava*, 166 Idaho 884, 889, 465 P.3d 1123, 1128 (2020). Whether joinder is proper under I.C.R. 13 is also reviewed de novo. *State v. Gamble*, 146 Idaho 331, 336, 193 P.3d 878, 883 (Ct. App. 2008). However, whether joinder is prejudicial under I.C.R. 14 is reviewed for an abuse of discretion. *Nava*, 166 Idaho at 900, 465 P.3d at 1129. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

2

## III.

## ANALYSIS

Chacon argues that the district court erred by granting the State's motion to consolidate, denying his motion to sever, and admitting prior-acts evidence--specifically, evidence of his heroin use and possession of drug paraphernalia on the day of his arrest. The State responds that all the charges against Chacon were properly litigated in a single trial and that Chacon did not preserve his appellate claim that the district court erred in denying his motion to sever. The State further contends that the district court properly admitted evidence of Chacon's prior acts and, alternatively, that any error in admitting that evidence was harmless. We hold that Chacon has failed to establish any reversible error.

### A.     Joinder of Methamphetamine Charge

Chacon first challenges the district court's decision to grant the State's motion to join the allegation (originally pled in a separate charging document) that he possessed methamphetamine with its original allegations that Chacon eluded law enforcement, unlawfully possessed a firearm, battered an officer with the intent to commit a serious felony, and committed grand theft by unlawfully possessing a stolen firearm. The State argued that joinder was proper because the possession of methamphetamine charge arose from the same "facts and circumstances" as the four other offenses the State alleged Chacon committed. In its supporting memorandum, the State asserted that "all of these acts occurred essentially within a very short period of time from the beginning of the traffic stop until the end of the traffic stop. Possession was occurring at the same time the eluding and the battery on an officer occurred." Therefore, proving each charge would entail the presentation of similar witnesses and exhibits. At the hearing on the State's motion, Chacon objected to joining the possession of methamphetamine charge, arguing "very minimal facts" connected the possession offense with the other offenses and that he was prejudiced by "having both the gun charge and now drug charges tacked on," which would allow the jury to consider evidence that would not otherwise be admissible. Chacon further argued that joinder under the circumstances only served to "paint him out to be a bad guy and draw attention away from what actually happened at the intersection on the battery with intent." The district court concluded that, under I.C.R. 13, joinder was appropriate. Regarding prejudice, the district court stated: "I don't know that the jury--that [Chacon] would be prejudiced because there were multiple

3

charges against him. I think that the jury can sort through each and every charge and has the ability to do so."

On appeal, Chacon faults the district court for conducting an incomplete analysis of the potential prejudice that would result from joining the methamphetamine offense with the other offenses. Idaho law provides two independent grounds for challenging joinder. First, a defendant can challenge joinder pursuant to I.C.R. 8(a) by arguing that the requirements of the rule have not been met. *Nava*, 166 Idaho at 888, 465 P.3d at 1127. Second, a defendant can argue that, even if joinder is proper under I.C.R. 8, the charges should be severed under I.C.R. 14 because joinder is prejudicial. *Id.* For purposes of I.C.R. 14, Idaho appellate courts have recognized three potential sources of prejudice: (1) the jury may confuse and cumulate the evidence, rather than keeping the evidence properly segregated; (2) the defendant may be confounded in presenting defenses; and (3) the jury may conclude the defendant is guilty of one crime and then find the defendant guilty of the other crimes because of his or her criminal disposition. *See State v. Williams*, 163 Idaho 285, 293, 411 P.3d 1186, 1194 (Ct. App. 2018).

Although the transcript of the hearing on the State's motion for joinder suggests that Chacon disputed the propriety of joinder under I.C.R. 8(a) by arguing that "very minimal facts" connected the methamphetamine offense to the other offenses, he does not pursue this claim on appeal. Instead, Chacon's appellate arguments are limited to the prejudice he argued relative to joinder. Because Chacon presented his arguments within the context of joinder in the first instance, he did not file a separate I.C.R. 14 motion to sever, nor do we believe he was required to under the circumstances, particularly since the district court addressed Chacon's prejudice arguments. Thus, we reject the State's argument that Chacon was required to file a separate motion in order to preserve this argument for appeal.

Turning to the merits of Chacon's prejudice claim, he asserts that his "argument with regard to not joining the methamphetamine charge to the eluding or firearm charges was focused" on the prejudice arising from "improper propensity evidence," which would "infect" the jury's "analysis on each charge." Chacon contends the district did not address this potential source of prejudice but instead only addressed the "first type of prejudice," i.e., the possibility that the jury would confuse or cumulate the evidence. We disagree.

4

As Chacon notes, he argued that joinder prejudiced him because it risked the jury convicting him on the basis that he was a "bad guy," which is a propensity argument. The district court rejected this argument, concluding that the existence of multiple charges was insufficient to show prejudice and the jury had the ability to consider each charge. Chacon's attempt to characterize the district court's analysis as addressing a different claim of prejudice than the one he expressly raised is not well-taken.

Chacon also argues "there was a risk of undue prejudice with regard to not severing the firearm charge from the methamphetamine charge" in particular and that "evidence of each charge had little probative value beyond propensity to prove guilt on the other charges." Demonstrating that joinder permitted the jury to hear evidence of one offense that would be inadmissible in a separate trial of the other is generally necessary, but not sufficient, to establish prejudice arising from a risk that the jury found the defendant guilty of more than one offense based upon an impermissible propensity inference. *State v. Wilske*, 158 Idaho 643, 645, 350 P.3d 344, 346 (Ct. App. 2015). Complete cross-admissibility of evidence relating to the joined offenses is unnecessary when the evidence is simple and distinct. *Id*. at 645-46, 350 P.3d at 346-47. Generally, evidence of other acts is inadmissible when it is relevant only to prove a defendant's propensity to commit crimes. *See Nava*, 166 Idaho at 893, 465 P.3d at 1132. Such evidence may be admissible, however, for another purpose, like proving the defendant's knowledge of some fact. *Id.* Evidence of Chacon's flight from officers and the presence of a firearm that he could not lawfully possess supports the inference that he knowingly possessed an illegal drug, rather than some innocuous substance. *See United States v. Hammer*, 3 F.3d 266, 270 (8th Cir. 1993) (observing that firearms are typical tools used to protect controlled substances); *United States v. Flores*, 564 F.2d 717, 718 (5th Cir. 1977) (observing that evidence of flight from a vehicle was both relevant and admissible to show a defendant's knowledge that the vehicle contained a controlled substance). Chacon's knowledge that he possessed methamphetamine or belief that he possessed a controlled substance was a necessary element of the possession of a controlled substance charge. *See State v. Goggin*, 157 Idaho 1, 7, 333 P.3d 112, 118 (2014). Thus, evidence of Chacon's eluding and unlawful possession of a firearm was relevant to more than his propensity to commit crimes.

5

Moreover, although Chacon committed all three offenses at the same time, the evidence related to the possession of methamphetamine charge was simple and distinct from the eluding and firearms offenses. The evidence establishing the eluding a police officer charge centered on Chacon's driving behavior. The evidence establishing the unlawful possession of a firearm charge focused on the search of the vehicle after Chacon's arrest and his awareness of what was in the vehicle. The evidence establishing the possession of methamphetamine charge centered on the discovery and investigation of the black case holding the methamphetamine found on Chacon's person and his awareness of what the case contained. Consequently, even if the evidence related to the eluding a police officer and unlawful possession of a firearm charges would not be *entirely* cross-admissible in a separate trial of the possession of methamphetamine charge, severance was unnecessary. *See Wilske*, 158 Idaho at 645-46, 350 P.3d at 346-47. Moreover, Chacon's acquittal for battery and grand theft further supports the conclusion that the jury separated the evidence relevant to each charge and did not find Chacon guilty of an offense based upon a perceived propensity to commit crimes. *See United States v. Acosta*, 763 F.2d 671, 697 (5th Cir. 1985) (applying Fed. R. Crim. P. 14, which is substantially identical to I.C.R. 14). In sum, Chacon has failed to present sufficient facts to demonstrate prejudice resulting from the consolidation with the possession of methamphetamine charge. Consequently, Chacon's prejudicial joinder challenge to the district court's order granting the State's motion to join the possession of methamphetamine charge fails.

**B.      Severance of Original Charges**

Chacon next argues that the district court erred in denying his motion to sever the four offenses initially brought against him. The State responds that Chacon waived this issue by failing to present supporting argument or legal authority and that Chacon's severance challenge otherwise fails on the merits. We hold that Chacon failed to establish error in the denial of his motion to sever.

Prior to the joinder of the possession of methamphetamine charge,[1] Chacon filed a motion to sever in relation to the original charges and requested three separate trials--one for eluding a

_____

[1]      Because Chacon's motion to sever was filed prior to joinder of the possession of methamphetamine charge, our analysis of the district court's decision on the motion to sever is

6

police officer, one for battery with intent to commit a serious felony on certain personnel, and one for both unlawful possession of a firearm and grand theft for possessing the allegedly stolen firearm. Chacon argued, among other things, that the jury would be unable to separate the evidence relevant to each charge and that the jury might find him guilty of all the charges based on the perception that he is "a bad guy." The district court denied Chacon's motion, concluding that a properly instructed jury could appropriately consider each charge separately. Chacon contends that the district court erred because evidence of one crime would have been inadmissible in a separate trial of the others.

Before addressing the merits of Chacon's challenge to the denial of his motion to sever, we address the State's argument that Chacon waived this issue. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). The State asserts that Chacon's arguments in his appellate brief analyze only the district court's decision to *join* the possession of a controlled substance charge, not the denial of his prior motion to sever any of the initial four charges. Although we agree that much of Chacon's argument regarding the motion to sever focuses on the prejudice related to the joinder of the possession of methamphetamine charge, he also argues that trying the unlawful possession of a firearm and eluding a police officer charges in a single proceeding was prejudicial because it resulted in the jury hearing evidence that would not have been cross-admissible had the charges been tried separately. Chacon also cited his motion for separate trials on the unlawful possession of a firearm, battery with intent to commit a serious felony on certain personnel, grand theft, and eluding a police officer, in which he argued that evidence of the unlawful possession of a firearm offense would "unduly influence" the jury's determination on the eluding a police officer charge and vice versa. Although much of the relevant legal authority Chacon cited in his appellate brief appears in the discussion of his challenge to the district court's decision to grant the State's motion to join the possession of methamphetamine charge, the authorities are also relevant to Chacon's argument that his motion to sever was erroneously denied. Consequently, we will consider the merits of Chacon's claim that the district court erroneously denied his motion to sever.

---

limited accordingly, and we will not consider Chacon's subsequent arguments regarding joinder of the methamphetamine charge for this issue.

7

When reviewing an order denying a motion to sever, the inquiry on appeal is whether the defendant has presented facts demonstrating that unfair prejudice resulted from a joint trial, which denied the defendant a fair trial. *State v. Eguilior*, 137 Idaho 903, 908, 55 P.3d 896, 901 (Ct. App. 2002). Appellate courts review the trial proceeding to determine whether one or more of the following "potential sources of prejudice" appeared: (a) the possibility that the jury may confuse and cumulate the evidence, rather than keeping the evidence properly segregated; (b) the potential that the defendant may be confounded in presenting defenses; and (c) the possibility that the jury may conclude the defendant is guilty of one crime and then find him or her guilty of the other simply because of his or her criminal disposition, i.e. he or she is a bad person. *Id.* The defendant has the burden of showing prejudice. *State v. Blake*, 161 Idaho 33, 35, 383 P.3d 712, 714 (Ct. App. 2016).

Chacon contends the district court erred in denying his motion to sever because evidence establishing the eluding a police officer and unlawful possession of a firearm charges would not have been cross-admissible in separate trials of those charges. Chacon's argument is unpersuasive. Evidence that Chacon had a firearm in the center console of his vehicle supports an inference that he was aware of the firearm and, therefore, had a motive to elude officers. *See Commonwealth v. Torres*, 177 A.3d 263, 277 (Pa. 2017). Conversely, evidence that Chacon was attempting to elude police supports an inference that he was aware of the firearm's presence. *See Flores*, 564 F.2d at 718. Additionally, as set forth in our discussion of Chacon's challenge to joinder of the methamphetamine charge, the evidence establishing each of these offenses was simple and distinct. Finally, as previously mentioned, Chacon's acquittal of battery with intent to commit a serious felony on certain personnel and grand theft shows that the jury separated the evidence relevant to each charge and did not find him guilty based upon a perceived propensity to commit crimes. For the above reasons, we conclude that Chacon has failed to demonstrate prejudice resulting from the denial of his motion to sever. Chacon's challenge to the district court's denial of the motion therefore fails.

## C.    Evidentiary Objections

Chacon argues that the district court erred by admitting evidence that he had used heroin and possessed drug paraphernalia on the day of his arrest that was inadmissible under I.R.E. 404(b). The State responds that Chacon failed to preserve this issue, that the district court

properly admitted the evidence, and that any error in admitting the evidence was harmless. We hold that Chacon failed to preserve this issue.

Chacon challenges the admission of two pieces of evidence. First, during its case-in-chief, the State sought admission of two pictures of a glass pipe found in the passenger door of Chacon's vehicle. Chacon objected, arguing that the evidence was irrelevant and prejudicial. Chacon did not cite I.R.E. 404(b) or otherwise argue that the pictures were improper evidence of a crime, wrong, or other act. Rather, Chacon explained that his objections based on relevance and prejudice were because there was no evidence that the pipe was a methamphetamine pipe. The State responded that, because Chacon was charged with possessing methamphetamine found on his person, the evidence was admissible to prove "his knowledge, use, possession, [and] understanding." The district court overruled Chacon's objection and admitted the pictures. Second, after Chacon testified to his drug history and links to "drug culture," the State inquired whether he had used heroin on the morning of the charged offenses. Chacon objected, arguing: "I'm going to object to relevance. We didn't talk about what happened prior to, and what is the relevance to this incident of stuff that happened before." Again, Chacon did not cite I.R.E. 404(b) or otherwise argue that the earlier heroin use was improper evidence of a crime, wrong, or other act. The district court overruled the objection without a response from the State.[2]

Chacon maintains that he preserved his challenge to the above evidence under I.R.E. 404(b). Citing *State v. Avila*, 137 Idaho 410, 49 P.3d 1260 (Ct. App. 2002) and *State v. Teasley*, 138 Idaho 113, 58 P.3d 97 (Ct. App. 2002), Chacon argues that his objections to the relevance and prejudicial effect of the paraphernalia evidence and his relevance objection to the heroin use evidence preserved his I.R.E. 404(b) challenges--despite failing to cite the rule or its language in his arguments below. In *Avila*, this Court held that a relevance objection could preserve for appeal an argument that the challenged evidence was inadmissible under I.R.E. 404(b). *Avila*, 137 Idaho at 412, 49 P.3d at 1262. In *Teasley*, this Court extended this holding from *Avila*. *Teasley*, 138 Idaho at 117, 58 P.3d at 101. However, both of those cases predate the clarification of Idaho's error preservation doctrine in the line of cases beginning with

---

[2]     In closing, the State argued that Chacon's heroin use prior to the incident was relevant to his perception that he was being robbed instead of arrested.

9

*State v. Garcia-Rodriguez*, 162 Idaho 271, 396 P.3d 700 (2017). Reconsidered in light of the *Garcia-Rodriguez* framework, we hold that the preservation rule stated in *Avila* and reiterated in *Teasley* is overbroad.

Generally, we will not consider an alleged non-constitutionally based error on appeal in the absence of a timely objection in the trial court. *See State v. Bernal*, 164 Idaho 190, 193, 427 P.3d 1, 4 (2018). To preserve an evidentiary objection for review, I.R.E. 103 requires the party challenging an evidentiary ruling admitting evidence to state the grounds for objection clearly, unless the basis for the objection is apparent from context. Prior to *Garcia-Rodriguez*, Idaho's appellate courts, citing I.R.E. 103, regularly held that a timely and specific objection is a necessary predicate to review of an alleged evidentiary error. *See, e.g., State v. Norton*, 134 Idaho 875, 880, 11 P.3d 494, 499 (Ct. App. 2000); *State v. Gleason*, 130 Idaho 586, 592, 944 P.2d 721, 727 (Ct. App. 1997); *State v. Stevens*, 115 Idaho 457, 459, 767 P.2d 832, 834 (Ct. App. 1989). Idaho's appellate courts also routinely held that an objection on one ground would not preserve for appeal an objection on another ground. *See, e.g.*, *State v. Higgins*, 122 Idaho 590, 596, 836 P.2d 536, 542 (1992) (finding I.R.E. 404(a) argument unpreserved because the only objection at trial was general assertion that challenged testimony was irrelevant was too general); *Norton*, 134 Idaho at 880, 11 P.3d at 499 (declining to consider unpreserved foundation argument because only objection at trial was based on best evidence rule); *Gleason*, 130 Idaho at 592, 944 P.2d at 727 (declining to consider hearsay and foundation arguments on appeal because only objection at trial was based on chain of custody); *Stevens*, 115 Idaho at 459, 767 P.2d at 834 (finding objections raised at trial did not preserve evidentiary arguments asserted on appeal). Although the language of I.R.E. 103(a) allows for appellate review if the specific ground for the objection is "apparent from the context," review in such circumstances is limited. *See State v. Sheahan*, 139 Idaho 267, 277, 77 P.3d 956, 966 (2003) (concluding objection was sufficiently apparent from context for purposes of preservation to consider appellate argument based on I.R.E. 406, but was not adequate to review admission of evidence under I.R.E. 404(a)(2)).

Although *Garcia-Rodriguez* and its progeny have not directly addressed I.R.E. 103, that line of cases sheds additional light on the specificity required for an objection to preserve error for appeal that is consistent with the longstanding appellate principles that an objection must be specific and an objection on one basis does not preserve an objection on another basis. Under the

*Garcia-Rodriguez* framework, a party fails to preserve an issue for appeal unless the party raises both the issue and the party's position on that issue in the trial court. *State v. Gonzalez*, 165 Idaho 95, 99, 439 P.3d 1267, 1271 (2019). On appeal, a party may not change its legal position from that presented in the trial court. *Id.* at 100, 439 P.3d at 1272. With the above framework in mind, we turn to the preservation rule applied in *Avila* and extended in *Teasley*.

In *Avila*, the defendant was charged with sexual battery of a child for fondling a female co-worker. During trial and over Avila's relevance objection, the victim testified that (just before the offense) Avila began massaging the victim's back and talking about going to a strip club the weekend prior. On appeal from his conviction for the charged offense, Avila argued that the victim's testimony about Avila's strip-club experience was inadmissible under I.R.E. 404(b). *Avila*, 137 Idaho at 412, 49 P.3d at 1262. This Court rejected the State's argument that Avila's relevance objection left his I.R.E. 404(b) argument unpreserved. To reach this result, the Court in *Avila* reasoned that I.R.E. 404(b) is a "relevance rule"[3] that required the trial court to determine whether evidence *was relevant* for a purpose other than supporting a propensity argument. *Avila*, 137 Idaho at 412, 49 P.3d at 1262. Additionally, the State responded to Avila's objection by arguing that the evidence was relevant to proving his intent, one of the permissible purposes for prior acts evidence expressly identified under I.R.E. 404(b). Consequently, this Court held that Avila's failure to cite I.R.E. 404(b) before the trial court did not preclude him from arguing that the victim's testimony was inadmissible under that rule on appeal. *Avila*, 137 Idaho at 412, 49 P.3d at 1262.

In *Teasley*, this Court extended the preservation rule from *Avila* to situations where the State did not respond to a general relevance objection by arguing the evidence was relevant for a permissible purpose expressly identified under I.R.E. 404(b). Teasley was charged as an accessory for harboring a felon (her son). During trial and over Teasley's general relevance objection, the State was allowed to present evidence that she allegedly misidentified her son to an officer by using a different nickname for him, concluding that the line of questioning was relevant to Teasley's prior "contact" with law enforcement. *Teasley*, 138 Idaho at 117-18, 58 P.3d at 101-02.

---

[3] The Court in *Avila* apparently designated I.R.E. 404 as a "relevance rule" because it falls within Article IV of the Idaho Rules of Evidence, which bears the title "Relevancy and Its Limits." *Avila,* 137 Idaho at 412 n.1, 49 P.3d at 1262 n.1.

On appeal, this Court (citing *Avila*) concluded that Teasley's general relevance objection preserved a challenge to the evidence under I.R.E. 404(b). *Teasley*, 138 Idaho at 117, 58 P.3d at 101.

There are two flaws in the rationale supporting the *Avila* preservation rule. First, the rationale overlooks distinctions between the narrow relevance analysis applied under I.R.E. 404(b) with the liberal standards applicable to general relevance objections. Idaho Rule of Evidence 402 precludes the admission of irrelevant evidence. Under I.R.E. 401, evidence is *relevant* if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence[,] and (b) the fact is of consequence in determining the action." This basic standard of relevance "is a liberal one." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 587 (1993) (addressing F.R.E. 401 which is identical to I.R.E. 401). On the other hand, I.R.E. 404(b) precludes the admission of evidence of a defendant's prior acts to prove that the defendant acted in accordance with a certain character trait. *See State v. Grist*, 147 Idaho 49, 54, 205 P.3d 1185, 1190 (2009). Evidence of prior acts is, however, admissible for other purposes. *See State v. Pepcorn*, 152 Idaho 678, 688-89, 273 P.3d 1271, 1281-82 (2012). Importantly, evidence of prior acts is not inadmissible because it is necessarily irrelevant under I.R.E. 401 (i.e., not probative of a fact of consequence). Rather, such evidence is inadmissible because, as a matter of both law and policy, competing risks generally outweigh the evidence's probative value. *See United States v. Daniels*, 770 F.2d 1111, 1116 (D.C. Cir. 1985) (observing that the inadmissibility of prior act evidence "is founded not on a belief that the evidence is irrelevant, but rather on a fear that juries will tend to give it excessive weight"). Thus, although an objection under I.R.E. 404(b) may require a trial court to analyze whether evidence is relevant to an issue other than a defendant's character, an I.R.E. 404(b) objection does not assert that evidence is inadmissible for the same reason as a general relevance objection. Stated differently, an objection under I.R.E. 404(b) asserts a different *theory* of inadmissibility than a general relevance objection and one which the district court was not given the opportunity to consider in the first instance under the I.R.E. 404(b) framework required by *Grist*.[4] *See Grist*, 147 Idaho at 52, 205 P.3d at 1188 (stating that admissibility of evidence of other crimes, wrongs, or acts under I.R.E. 404(b) requires the trial court to determine whether there is sufficient evidence to establish the other crime or wrong as fact, that the evidence

---

[4] We note that the opinions in *Avila* and *Teasley* predated *Grist*.

12

is relevant for a proper purpose under the rule, and that the danger of unfair prejudice does not substantially outweigh the probative value). Understood this way, the preservation rule stated in *Avila* allows a party to assert a new theory of inadmissibility for the first time on appeal--something the *Garcia-Rodriguez* framework does not allow. *See Gonzalez*, 165 Idaho at 99, 439 P.3d at 1271.

The second flaw in the rationale supporting the *Avila* preservation rule is that it leads to results that conflict with I.R.E. 103. As previously stated, I.R.E. 103 requires a party to lodge a specific objection to a ruling admitting evidence, unless the specific ground for objection was apparent from context. If, as the Court in *Avila* reasoned, the presence of I.R.E. 404(b) within Article IV of the Idaho Rules of Evidence (which bears the title "Relevancy and Its Limits") and the relevancy analysis the rule requires supports the conclusion that a bare relevance objection preserves an I.R.E. 404(b) challenge for appeal, there seems to be no reason why this rationale would not apply to other rules within Article IV. For example, I.R.E. 411 also falls within Article IV and requires trial courts to analyze whether evidence that a party carried liability insurance was relevant to an issue other than proving the party's negligence or wrongful conduct. Thus, the rationale stated in *Avila* supports the conclusion that general relevance objections preserve not only challenges under I.R.E. 404(b), but also I.R.E. 411 and other rules in Article IV. *See, e.g.*, I.R.E. 407. Such a result conflicts with the specificity requirement of I.R.E. 103 and even the "apparent from context" provision of the rule. In our view, if the party does not cite the number of the rule on which the objection is based, in order to be apparent from the context for purposes of preservation under I.R.E. 103, and to be consistent with *Garcia-Rodriguez*, the objection must articulate the applicable language from the rule so the ground for the objection is apparent to the trial court. To hold otherwise deprives the trial court of the ability to analyze the ground for the objection and exercise its discretion accordingly. *See Garcia-Rodriguez*, 162 Idaho at 275, 396 P.3d at 704 (noting the unfairness of allowing arguments to the appellate court that were not presented to the trial court). For the above reasons, we disavow *Avila* and *Teasley* to the extent they hold that a bare relevance objection, by itself, is sufficient to preserve a challenge to the admission of evidence under I.R.E. 404(b) for appeal.[5]

---

[5] The Idaho Supreme Court has not cited *Avila* or *Teasley* for the preservation rule Chacon relies on in this case; as such, we may reject our own preservation rule we applied in those cases.

13

Although Chacon's general relevance objections are insufficient, by themselves, to preserve his I.R.E. 404(b) arguments, we still must consider whether the context in which they arose made it apparent that the basis of his objection was actually I.R.E. 404(b). As previously stated, Chacon's evidentiary objections before the district court did not cite I.R.E. 404(b). Other than a bald, conclusory assertion that he "objected to [the paraphernalia evidence] on both the relevance and prejudice prongs of the I.R.E. 404(b) analysis," Chacon does not argue that it was apparent he was objecting under I.R.E. 404(b). Moreover, the record does not show that the district court either understood from the context that Chacon's objection was one based on I.R.E. 404(b) or that it resolved his objections on that basis. Consequently, we hold that Chacon has failed to preserve his arguments under I.R.E. 404(b) for review. *See State v. Godwin*, 164 Idaho 903, 914, 436 P.3d 1252, 1263 (2019) (holding an argument preserved for appeal where the "bedrock" of the argument was presented below and the trial court ruled on the issue).

Even assuming *arguendo* that Chacon properly preserved his claim of error under I.R.E. 404(b), we hold that any error in admitting evidence of Chacon's heroin use and paraphernalia possession was harmless. Error is not reversible unless it is prejudicial. *State v. Stell*, 162 Idaho 827, 830, 405 P.3d 612, 615 (Ct. App. 2017). The Idaho Supreme Court clarified the harmless error standard for an objected-to, nonconstitutionally based error in *State v. Garcia*, 166 Idaho 661, 462 P.3d 1125 (2020). This standard requires weighing the probative force of the record as a whole while excluding the erroneous evidence and at the same time comparing it against the probative force of the error. *Id.* at 674, 462 P.3d at 1138. The reviewing court must take into account what effect the error had, or reasonably may have had, on the jury in the context of the total setting and in relation to all else that happened, which necessarily includes the evidence presented. *Kotteakos v. United States*, 328 U.S. 750, 764 (1946).

In this case, any error in the admission of evidence that Chacon possessed drug paraphernalia and had used heroin on the day of his arrest was harmless. The unfairly prejudicial effect of this evidence was it would communicate to the jury that Chacon used illegal drugs, potentially leading to juror bias against him. However, prior to the admission of this evidence, Chacon himself had already revealed to the jury that he was a drug user. During opening argument, Chacon informed the jury that he was on probation for drug offenses when he fled from officers

14

and that he had "drug issues." The jury's prior awareness of Chacon's drug use drained much of the prejudicial impact of the evidence he challenges.

Moreover, the State's evidence showing Chacon's guilt eclipses any residual, unfair prejudice arising from the challenged evidence. Officers testified that they found the methamphetamine Chacon was charged with possessing on his person. Chacon himself testified to a history of drug use, supporting an inference that he knew or believed he possessed a controlled substance. Chacon presented no evidence or argument to rebut this testimony other than pointing out a gap in the chain of custody of the methamphetamine arising from a period of time the black case containing the methamphetamine sat on the tailgate of a police vehicle before being collected by another officer. Regarding the eluding a police officer charge, Chacon admitted that he fled seven miles after realizing officers were in pursuit. One of the pursuing officers testified that Chacon exceeded the speed limit by more than 30 mph while fleeing officers. The State's evidence establishing the unlawful possession of a firearm charge is similarly strong. Officers testified that they found the firearm in the center console of Chacon's vehicle. A picture of the firearm's position in the vehicle (in the center console next to the emergency break handle) shows that it would almost touch the driver's leg, making it unlikely that Chacon was unaware of the firearm. In light of this evidence and Chacon's disclosure of his drug use to the jury, any error in the admission of the evidence he challenges was minimal and harmless beyond a reasonable doubt. Because the admission of the challenged evidence was harmless, it would be unnecessary to consider the State's other arguments on this issue had Chacon preserved it.

## IV.
## CONCLUSION

Chacon has failed to show that granting the State's motion to join offenses or denying his motion to sever prejudiced him. To the extent that the district court erred in admitting the two photographs of drug paraphernalia found in Chacon's vehicle and his testimony about using heroin on the day of his arrest, the error was harmless. Chacon's judgment of conviction for eluding a police officer, unlawful possession of a firearm, and possession of a controlled substance is affirmed.

Chief Judge HUSKEY and Judge GRATTON, **CONCUR**.